UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CAMDEN ALMADEN, LLC, California Limited Liability Company; and Does 1–10,<br><br>        Defendants. | Case No. 20-CV-06514-LHK<br><br>**ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Re: Dkt. No. 12 |

      On December 28, 2020, Plaintiff filed the instant motion for administrative relief. ECF No. 12 ("Motion"). Plaintiff asks the Court to "require defense counsel to provide dates to schedule the settlement meeting via videoconference as required by General Order 56, Para 8." Plaintiff's counsel avers that as of December 28, 2020, defense counsel had "not provided available dates to conduct a formal settlement meeting." Price Decl. ¶ 8, ECF No. 12-1.

      On January 4, 2021, Defendant Camden Almaden, LLC filed its opposition to the Motion. ECF No. 13. Defendant argues that a settlement meeting under General Order 56 is unnecessary because defense counsel "has engaged in good faith settlement discussions . . . and requested the form of settlement from [P]laintiff multiple times by phone and email." *Id.* at 1. To support its opposition, Defendant attaches emails between defense counsel and Plaintiff's counsel. These

emails show that defense counsel ignored three requests to schedule a settlement meeting pursuant to General Order 56. ECF No. 13-1 at 16–19. Defense counsel's response to scheduling requests was to repeatedly ask Plaintiff's counsel about settlement terms. *Id.*

Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS the Motion. General Order No. 56 § 8 as amended ("GO 56") plainly requires the parties to participate in a settlement meeting within 35 days of the joint site inspection (*i.e.*, within 95 days of service of the complaint). *See* GO 56 § 8 (N.D. Cal. Jan. 1, 2020), *as amended by* Second Amended Notice (N.D. Cal. June 4, 2020), https://cand.uscourts.gov/rules/general-orders/; *see also* ECF No. 5 (scheduling order). GO 56 specifically states that "[n]either the joint site inspection *nor the settlement meeting may be conducted by telephone or email.*" Second Amended Notice at 2 (emphasis added). Here, Defendant has tried to do what GO 56 expressly forbids. Defense counsel's emails with Plaintiff's counsel are no substitute for the settlement videoconference between "[t]he parties themselves" under GO 56 § 8 as amended.

Furthermore, Defendant shall provide Plaintiff with at least three dates for scheduling a settlement meeting. Defendant has already noted its availability on January 20, 2021. ECF No. 13 at 2. Thus, the parties shall complete the settlement meeting by January 20, 2021. By January 27, 2021, "the parties shall file either the form Notice of Settlement of ADA Access Case or the form Notice of Need for Mediation and Certification of Counsel." GO 56 § 9; *see* Civil Forms, https://cand.uscourts.gov/forms/civil-forms/ (links to forms). Extensions to these deadlines will be disfavored. The deadline for completing the settlement meeting was December 29, 2020 because Plaintiff served the complaint on September 25, 2020. ECF No. 10 at 1.

Lastly, the Court admonishes the parties to avoid needlessly involving the Court in procedural disputes. GO 56 and this case's scheduling order (ECF No. 5) detail the procedures for litigating the instant case.

**IT IS SO ORDERED.**

Dated: January 6, 2021

_____
LUCY H. KOH
United States District Judge

3
Case No. 20-CV-06514-LHK
ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF