UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAMDEN ALMADEN, LLC,,<br><br>　　　　Defendant. | Case No. 20-CV-06514-LHK<br><br>**ORDER DENYING FOR LACK OF JURISDICTION EX PARTE APPLICATION FOR ENTRY OF STIPULATED JUDGMENT**<br><br>Re: Dkt. No. 18 |

On February 4, 2021, the parties filed a joint stipulation for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). ECF No. 17. The stipulation "neither expressly reserve[d] jurisdiction nor incorporate[d] the terms of [a] settlement agreement." *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (vacating order enforcing settlement for lack of subject matter jurisdiction). Rather, the stipulation in its entirety provided as follows:

> Pursuant to F.R.CIV.P.41 (a)(1)(A)(ii), IT IS STIPULATED by and between the parties hereto that this action may be dismissed with prejudice as to all parties; each party to bear his/her/its own attorneys' fees and costs. This stipulation is made as the matter has been resolved to the satisfaction of all parties.

ECF No. 17 at 1–2. Pursuant to this stipulation and Rule 41(a)(1)(A)(ii), Plaintiff "dismiss[ed] [this] action without a court order." Fed. R. Civ. P. 41(a)(1)(A)(ii). Thus, the Clerk of Court

1

Case No. 20-CV-06514-LHK
ORDER DENYING FOR LACK OF JURISDICTION EX PARTE APPLICATION FOR ENTRY OF STIPULATED JUDGMENT

1 terminated and closed the instant case on February 4, 2021.

2 Yet on May 19, 2021, Plaintiff filed the instant ex parte application for entry of stipulated judgment. ECF No. 18. Plaintiff asks the Court to enforce the terms of a settlement that Defendant has allegedly breached. *Id.* The Court lacks subject matter jurisdiction over the instant application. As the United States Supreme Court and Ninth Circuit have repeatedly held, "courts have ancillary jurisdiction to enforce a settlement agreement only 'if the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). For instance, in *Hagestad*, the Ninth Circuit held that a district court had "clear[ly]" lacked subject matter jurisdiction over a settlement even though "it [was] clear that the district court *intended* to retain jurisdiction." *Hagestad*, 49 F.3d at 1433 (emphasis in original). The Ninth Circuit explained that the district court's order of dismissal "neither expressly reserve[d] jurisdiction nor incorporate[d] the terms of the settlement agreement." *Id.*

Here, it is even clearer that the Court lacks jurisdiction. Unlike in *Hagestad*, the Court never stated that it intended to retain jurisdiction. Nor did the Court enter an order that expressly "retain[ed] jurisdiction" or "incorporate[ed] the terms of the settlement agreement." *Torlakson*, 762 F.3d at 967. Instead, the parties' stipulation—which was entered by the Clerk of Court— stated that "the matter has been resolved to the satisfaction of all parties." ECF No. 17 at 2. Accordingly, the Court DENIES for lack of jurisdiction Plaintiff's instant ex parte application for entry of stipulated judgment.

**IT IS SO ORDERED.**

Dated: May 24, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge